# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RODNEY BELL et al., | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-382 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| JAMES LAKE et al., | | |
| | Plaintiffs, | |
| v. | | Civil No. 21-386 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |
| LEWIS MURPH et al., | | |
| | Plaintiff, | |
| v. | | Civil No. 21-387 (JRT/KMM) |
| 3M COMPANY and AEARO TECHNOLOGIES LLC, | | |
| | Defendants. | |

FRANKLIN PATRICK,

                            Plaintiff,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

                            Defendants.

Civil No. 21-388 (JRT/KMM)

# MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTIONS TO REMAND

Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402, for plaintiffs;

Benjamin W. Hulse and Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for defendants.

Plaintiffs wore Combat Arms Earplugs, Version 2 (the "CAEv2"), manufactured by Defendants 3M Company and Aearo Technologies LLC (collectively, "3M"), to protect against loud and damaging sounds. Plaintiffs claim that 3M failed to provide adequate instructions and warnings concerning how to properly wear the CAEv2 and, as a result, they now suffer from hearing loss and/or tinnitus. Plaintiffs therefore filed actions in Minnesota state court, alleging a single product liability claim for failure to warn. 3M

removed Plaintiffs' actions, arguing that the Court has jurisdiction based on several grounds. Plaintiffs ask the Court to remand for lack of subject matter jurisdiction.

Because of the Court's earlier rulings in related cases, 3M is precluded from asserting, as grounds for removal, the government contractor defense, the combatant activities exception, and Article IV jurisdiction with respect to Iraq. Additionally, 3M fails to establish Article IV jurisdiction with respect to Afghanistan. In sum, the Court lacks subject matter jurisdiction over Plaintiffs' claims, and the Court will therefore grant Plaintiffs' Motions to Remand.

## BACKGROUND

**I.  FACTUAL BACKGROUND**

Plaintiffs wore the CAEv2 when performing tasks that exposed them to loud, high-pitched noises, either as stateside civilian employees or overseas civilian contractors or both, or recreationally. (*See, e.g.*, ECF 21-382, Bell Compl. ¶¶ 34–35, Feb. 10, 2021, Docket No. 1-1; ECF 21-386, Lake Compl. ¶¶ 11–13, 21–24, Feb. 10, 2021, Docket No. 1-1; ECF 21-387, Murph Compl. ¶¶ 9–10, Feb. 10, 2021, Docket No. 1-1; ECF 21-388, Patrick Compl. ¶¶ A.1–3, Feb. 10, 2021, Docket No. 1-1.) Plaintiffs allege that they never received instructions to fold back the third flange of the CAEv2 earplug or a warning that the earplug would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus. (*See, e.g.*, Bell Compl. ¶¶ 36–37.)

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed their actions in Minnesota state court, alleging that 3M failed to instruct or warn them regarding how to properly fit and safely wear the CAEv2. (*See, e.g.*, Bell Compl. ¶¶ 170–84.)  3M subsequently gave notice of removal, arguing that the Court has subject matter jurisdiction over some claims based upon the government contractor defense, (*see, e.g.,* ECF 21-382, Bell Notice of Removal at 3, Feb. 10, 2021, Docket No. 1), and over others based upon (1) the government contractor defense, (2) the combatant activities exception, and (3) Article IV of the United States Constitution, (*see, e.g.*, ECF 21-388, Patrick Notice of Removal at 3, 15–17, Feb. 10, 2021, Docket No. 1.)  Plaintiffs then filed Motions to Remand for lack of subject matter jurisdiction.  (*See, e.g.*, ECF 21-382, Bell Mot. Remand, Mar. 12, 2021, Docket No. 7.)  3M opposes the Motions.[1]

---

[1] 3M also requests to conduct jurisdictional discovery regarding certain Plaintiffs. (*See, e.g.*, ECF 21-382, Mem. Opp. at 25–27, Apr. 2, 2021, Docket No. 13.)  While the Court has allowed such discovery in related cases, this was done when the Court did not have enough information to determine whether alleged injuries might have arisen on federal enclaves, which is a fact-intensive inquiry.  *See, e.g.*, *Allen v. 3M Co.*, No. 20-2380, 2021 WL 1118026, at *2–5 (D. Minn. Mar. 24, 2021).  Here, however, 3M does not assert that federal enclave jurisdiction supports removal.  Additionally, each Plaintiff whom 3M seeks to target has sufficiently alleged that his claims arose overseas and off of any federal enclave, allegations further bolstered by subsequently filed declarations.  (*See, e.g.*, ECF 21-382, Decl. Richard M. Paul, III ¶¶ 2–7, Mar. 12, 2021, Docket No. 10.)  As such, the Court is already well positioned to determine the jurisdictional grounds asserted here and therefore denies 3M's request.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court.  *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000).  "A defendant is not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."  *Gore*, 210 F.3d at 948 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Instead, as the party seeking removal and opposing remand, a defendant bears the burden of establishing federal subject matter jurisdiction.  *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

**II.    ANALYSIS**

In related cases, the Court previously concluded that 3M failed to raise colorable government contractor and combatant activities defenses.  *Copeland v. 3M Co.*, No. 20-1490, 2020 WL 5748114, at *3 (D. Minn. Sept. 25, 2020); *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020).  The Court also previously concluded that Article IV jurisdiction was lacking with respect to combat areas in Iraq, as 3M failed to show that the United States exercised exclusive sovereignty over such areas and, most important, failed to show any affirmative act by Congress to regulate them.  *Allen v. 3M Co.*, No. 20-

2380, 2021 WL 1118026, at *2 n.1 (D. Minn. Mar. 24, 2021); *Sultan v. 3M Co.*, No. 20-1747, 2020 WL 7055576, at *9 (D. Minn. Dec. 2, 2020).

Given that 3M has already litigated these jurisdictional grounds—grounds identical to the ones asserted here—and that the Court issued final judgments remanding the actions because the Court found that jurisdiction was lacking, 3M is precluded from asserting these grounds here.  *See Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007); *see also Sandy Lake Band of Mississippi Chippewa v. United States*, 714 F.3d 1098, 1102–04 (8th Cir. 2013) (precluding a party from asserting a basis for subject matter jurisdiction that had already been adjudicated and found lacking).

Regarding Article IV jurisdiction with respect to combat areas in Afghanistan, 3M earlier intimated that such a jurisdictional ground could be found, but it never seriously developed this argument before.  *See Sultan*, 2020 WL 7055576, at *8 n.10.  3M now references two documents that it contends support a finding of Article IV jurisdiction over any claims arising in Afghanistan.[2]  The Court disagrees.

As the Court stated before, "to activate the broad power" of Article IV, "Congress must affirmatively act to exercise this power."  *Sultan*, 2020 WL 7055576, at *9; *see also*

---

[2] The Court notes that 3M's briefs include a footnote proclaiming that this jurisdictional argument is not based on Article IV and is therefore not precluded.  However, the Court understands 3M to mean that its argument is not based on the Enclave Clause of Article I, which the Court already decided against 3M in *Copeland* with respect to claims arising overseas, as the paragraph in which the footnote is found and the Notices of Removal both assert that Article IV confers federal jurisdiction over such claims.

U.S. Const. art. IV, § 3, cl. 2 ("Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States[.]"). Here, however, the two documents 3M references—bilateral agreements entered into by the State Department in 2003[3] and 2014[4]—fail to demonstrate any exercise of power pursuant to Article IV.[5] As such, the Court finds that 3M fails to establish Article IV jurisdiction with respect to Afghanistan.

In sum, the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims and will therefore grant Plaintiffs' Motions to Remand.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

---

[3] Agreement Regarding the Status of United States Military and Civilian Personnel of the U.S. Department of Defense Present in Afghanistan in Connection with Cooperative Efforts in Response to Terrorism, Humanitarian and Civic Assistance, Military Training and Exercises, and Other Activities, U.S.–Afg., May 28, 2003, State Dep't No. 03-67, 2003 WL 21754316.

[4] Security and Defense Cooperation Agreement Between the Islamic Republic of Afghanistan and the United States of America, U.S.–Afg., Jan. 1, 2015, State Dep't No. 15-101, available at http://staging.afghanembassy.us/contents/2016/04/documents/Bilateral-Security-Agreement.pdf.

[5] Additionally, neither agreement purports to confer exclusive sovereignty to the United States. In fact, the 2014 agreement affirms the United States' commitment to and full respect of Afghanistan's sovereignty nineteen times. *See generally id.* Further, while the 2014 agreement confers exclusive jurisdiction to the United States with respect to criminal and civil offenses committed by members of the military and its civilian component—which has no bearing on the matter considered here—it did not do so with respect to contractors or contractor employees. *Id.* at 18–19.

    1.    Bell et al., CV21-382, Docket No. 7;

    2.    Lake et al., CV21-386, Docket No. 6;

    3.    Murph et al., CV21-387, Docket No. 7;

    4.    Patrick, CV21-388, Docket No. 7;

are **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 10, 2021                              _____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                      Chief Judge
                                          United States District Court